RACINE et al. v. UNITED STATES.

(Circuit Court, S. D. New York. December 28, 1899.)

No. 2,838.

CUSTOMS DUTIES—CONSTRUCTION OF STATUTE—WATCHES.

The first part of paragraph 191 of the tariff act of 1897, imposing upon "watch movements, whether imported in cases, or not," a specific duty, based on the number of jewels, in addition to an ad valorem duty, applies only to the movements; and, when imported in cases, such cases are dutiable separately, under the succeeding part of the paragraph.

Appeal by the importers from a decision of the board of general appraisers which affirmed the action of the collector in assessing duty upon the importations in question.

William B. Coughtry, for importers.
Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The merchandise in question consists of certain watches, which were classified for duty by the collector upon the cases and movements separately,—at 40 per cent. on the cases, and at 25 per cent. and the specific duty on the movements,—under the provisions of paragraph 191 of the act of 1897. The importers protested, claiming that the article was dutiable as an entirety at 25 per cent., and the specific duty as "watch movements in a case." Said paragraph provides as follows:

"191. Watch movements, whether imported in cases or not, if having not more than seven jewels, thirty-five cents each; if having more than seven jewels and not more than eleven jewels, fifty cents each; if having more than eleven jewels and not more than fifteen jewels, seventy-five cents each; if having more than fifteen jewels and not more than seventeen jewels, one dollar and twenty-five cents each; if having more than seventeen jewels, three dollars each, and in addition thereto, on all the foregoing, twenty-five per centum ad valorem; watch cases and parts of watches, including watch dials, chronometers, box or ship, and parts thereof, clocks and parts thereof, not otherwise provided for in this act, whether separately packed or otherwise, not composed wholly or in part of china, porcelain, parian, bisque or earthenware, forty per centum ad valorem; all jewels for use in the manufacture of watches or clocks, ten per centum ad valorem."

The construction of this paragraph is not entirely clear; but in view of the fact that in every prior tariff act watches have been held to be dutiable, eo nomine, at the same rate as watch movements, and that

there is no other reference to watches in the present tariff act, I think the construction contended for by counsel for the United States is the correct one. He claims that each provision relating to jewels refers necessarily and grammatically only to watch movements, and that the following provision—"and in addition thereto, on all the foregoing, twenty-five per centum ad valorem"—necessarily refers, also, only to these various classes of movements, and not to the cases. In that event, inasmuch as the case would have lost its identity if treated as a part of the watch movement, as contended by counsel for the importers, there would be no duty whatever upon the value of the case. In short, the true construction should be as though it read, "Watch movements, if having not more than seven jewels, thirty-five cents each," etc., and there were added at the end of the first portion of the paragraph the statement, "This shall apply to watch movements whether they are imported in cases or not." The decision of the board of general appraisers is affirmed.