## HENSEL, BRUCKMANN & LORBACHER v. UNITED STATES.

(Circuit Court, S. D. New York.  November 3, 1904.)

### No. 3,350.

CUSTOMS DUTIES—CLASSIFICATION—TIME DETECTORS—WATCH MOVEMENTS.

So-called time detectors, used for registering the movements of watchmen, which have a clock mechanism or time indicator, are dutiable under

the provision in paragraph 191, Tariff Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 166 [U. S. Comp. St. 1901, p. 1645], for "watch movements, whether imported in cases or not."

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision in question affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Hensel, Bruckmann & Lorbacher. This merchandise was known as "time detectors," and consisted of watch movements inclosed in cases, having only an hour hand, and equipped with a paper revolvable dial and other registering apparatus; being intended for use in buildings in which watchmen are stationed, for the purpose of recording the watchman's rounds. They were classified as manufactures of metal, under paragraph 193, Tariff Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], and were claimed by the importers to be dutiable under paragraph 191 of said act (30 Stat. 166 [U. S. Comp. St. 1901, p. 1645]), relating to "watch movements, whether imported in cases or not," etc. This contention was overruled, as indicated above, on the authority of a former decision of the board. Re United States Express Company, G. A. 5,038, T. D. 23,401.

W. Wickham Smith, for the importers.
D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, J. The evidence before the court satisfactorily shows that the merchandise consists of so-styled time detectors having a clock mechanism or time indicator. Duty was assessed under paragraph 193 at 45 per centum ad valorem. This was error. The article should be assessed for duty under paragraph 191, which provides for the payment of duty upon watch movements, etc. The decision of the Board of General Appraisers is reversed.