CHICAGO WATCHMAN'S CLOCK WORKS *v.* UNITED STATES (No. 1079).[1]

CASES CONTAINING WATCHMEN'S TIME DETECTORS.

Under the act of 1897 it was held that "watch movements" included "time-detector movements," and the insertion in paragraph 192, tariff act of 1909, after "watch movements," the words "including time-detectors," plainly adopts that construction. Accordingly the merchandise was not dutiable as entireties, but as assessed under paragraphs 192 and 199 of the later act.

United States Court of Customs Appeals, April 22, 1913.

APPEAL from Board of United States General Appraisers, Abstract 30882 (T. D. 33055).

[Affirmed.]

*Lester C. Childs* for appellants.

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *Martin T. Baldwin*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

This case involves the question of whether watchmen's time detectors, an article so well known that we consider it unneces-

sary to especially describe the same, having more than 7 and not more than 11 jewels, are subject to a duty of $1.35 each and a 40 per cent ad valorem duty upon their cases under paragraph 192 of the tariff act of August 5, 1909, as imposed by the collector and held by the board, or whether they are, including their cases and appropriate keys, dutiable at $1.35 each as entireties under said paragraph 192. The keys were assessed by the collector and by the board held dutiable under paragraph 199 of the same act.

The determination of the issues here involves a consideration of paragraph 191 of the tariff act of 1897 and certain decisions thereunder. That paragraph is as follows:

191. Watch movements, whether imported in cases or not, if having not more than seven jewels, thirty-five cents each; if having more than seven jewels and not more than eleven jewels, fifty cents each; if having more than eleven jewels and not more than fifteen jewels, seventy-five cents each; if having more than fifteen jewels and not more than seventeen jewels, one dollar and twenty-five cents each; if having more than seventeen jewels, three dollars each, and in addition thereto, on all the foregoing, twenty-five per centum ad valorem; watch cases and parts of watches, including watch dials, chronometers, box or ship, and parts thereof, clocks and parts thereof, not otherwise provided for in this act, whether separately packed or otherwise, not composed wholly or in part of china, porcelain, parian, bisque or earthenware, forty per centum ad valorem; * * *.

Under this statute the Board of General Appraisers in T. D. 23401, decided in 1901, held that these time detectors were "not clocks or clock movements, nor watches nor watch movements," but were dutiable with their cases and keys as manufactures of metal not specially provided for, as assessed by the collector. In its decision the board said the article could, by removing the cover, be used as a timepiece, but that it was not one of the class covered by paragraph 191. The importer there contended the merchandise was dutiable under that paragraph.

In another case involving similar merchandise, decided by the board, it reached the same conclusion, but upon appeal to the Circuit Court it was there held that these time detectors were dutiable under said paragraph 191 as watch movements, etc. Hensel, Bruckmann & Lorbacher v. United States (135 Fed., 255). The decision in this case seems to have been in the nature of a victory for the importers, and was thereafter held binding upon and followed by the board in Nanz & Co.'s case (T. D. 26005) and in various later cases before the same tribunal, the last one which is called to our attention being Abstract 6255 (T. D. 26338).

In the case of Racine v. United States (99 Fed., 557), decided in 1899 in Circuit Court, the merchandise was watches. The cases had been assessed for duty by the collector at 40 per cent ad valorem and

the movements at the appropriate combined specific and ad valorem duty, according to the number of their jewels, all under said paragraph 191. The board sustained the collector and the Circuit Court sustained the board, saying in substance that in view of the fact that in every prior tariff act watches had been held dutiable *eo nomine* at the same rate as watch movements and that there was no other reference to watches in the act of 1897, it must be held that paragraph 191 should be construed as though, after the provision therein for watch movements of a specified number of jewels, there were added these words, "this shall apply to watch movements whether they are imported in cases or not."

Paragraph 192 of the act of 1909 is as follows:

192. Watch movements, including time-detectors, whether imported in cases or not, if having not more than seven jewels, seventy cents each; if having more than seven jewels and not more than eleven jewels, one dollar and thirty-five cents each; if having more than eleven jewels and not more than fifteen jewels, one dollar and eighty-five cents each; if having more than fifteen and not more than seventeen jewels, one dollar and twenty-five cents each and twenty-five per centum ad valorem; if having more than seventeen jewels, three dollars each and twenty-five per centum ad valorem; watch cases and parts of watches, chronometers, box or ship, and parts thereof, forty per centum ad valorem; lever clock movements having jewels in the escapement, and clocks containing such movements, one dollar each and forty per centum ad valorem; all other clocks and parts thereof, not otherwise provided for in this section, whether separately packed or otherwise, not composed wholly or in chief value of china, porcelain, parian, bisque, or earthenware, forty per centum ad valorem; * * *.

The importers contend that the change of language in this paragraph from that of paragraph 191 of the act of 1897 indicates a congressional intent to subject these time detectors, including the cases containing the same and the keys used therewith, to duty as entireties as time detectors.

The Government contends that this changed language, in view of the decisions referred to, was a legislative recognition of the fact, already judicially determined, that a time-detector movement was a kind of watch movement; that it evinces a congressional intent that time-detector movements should be classified as watch movements and, if imported in cases, that the cases should be separately assessed under paragraph 192, leaving the keys to be assessed as articles composed wholly or in part of metal not otherwise provided for under paragraph 199 of the same act.

It already appears that at the instance of importers it had been held under the act of 1897 that "watch movements" included "time-detector movements," and we think by inserting the words "including time detectors" after the term "watch movements" in paragraph 192 the more reasonable view is that Congress thereby intended to clearly settle the question that time-detector movements

should be considered, as they had been held to be, as in the same class as watch movements.

While the expression "watch movements, including time detectors," grammatically seems to indicate that *time detectors* were intended to be included in the expression "watch movements," the sense of the thing is that time-detector *movements* were the things really meant.

Then again, the expression "whether imported in cases or not" applies as well to time detectors, as that expression is used, as to watch movements, and indicates that the *movements* whether imported in cases or not are, *as movements only*, to be dutiable according to their number of jewels.

The importers' construction, on the other hand, involves saying that the expression "watch movements, including time detectors," makes the time-detector *movement*, the *case* containing it, and the *keys* required therefor a "movement," which is a forced construction of that word as it is commonly used when referring to time-keeping movements to which the paragraph relates.

It is hardly reasonable to believe that Congress intended to say that the value of the cases in which the time-detector movements are placed should be of no consequence whatever, especially in view of the fact that the movements themselves are assessed upon the basis of the number of their jewels. The importers' contention also involves another result which we think was not intended, namely, if a time-detector movement were imported without its case or keys it would be dutiable under paragraph 192 according to the number of its jewels, while if an identical time-detector movement were imported with case and keys the assessment upon the two importations would be the same. In other words, the case and keys would pay no duty. A construction leading to such inconsistent results ought not to be adopted unless it was manifestly so intended by Congress.

We think paragraph 192 must be construed as contended for by the Government.

This involves holding that, as the time-detector cases are not embraced in the term "including time detectors" in the first part of the paragraph, such cases become dutiable under the latter part thereof at 40 per cent ad valorem as watchcases, as they were evidently held dutiable under the act of 1897. Whether they might possibly be held so dutiable by similitude is not decided, as that question is not discussed by counsel.

The keys seem to fall appropriately under the provisions of paragraph 199 of the act, as assessed.

The judgment of the Board of General Appraisers is *affirmed*.